IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARJORIE J. WILLICH, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:22-cv-00709 |
| MIDWEST FIDELITY SERVICES, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes MARJORIE J. WILLICH ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of MIDWEST FIDELITY SERVICES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code. Ann. § 392 *et seq.* for Defendant's unlawful conduct

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conduct business in the Northern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Texas.

## PARTIES

4. Plaintiff is a consumer over the age of 18 residing in Dallas, Texas, which lies within the Northern District of Texas.

5. Defendant is a third party debt collector claiming to provide "debt collection services you can trust."[1] Defendant is a limited liability company organized under the laws of the state of Kansas with its principal place of business located at 103 South Main Street, Ottawa, Kansas.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustee, sureties, subrogees, representatives and insurers at all times relevant to this instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. This actions stems from Defendant's attempts to collect upon a purportedly defaulted consumer obligation ("subject debt") said to be owed by Plaintiff.

8. The subject debt purportedly stems from a personal loan Plaintiff received from Uncle Warbucks, which was used for her personal purposes.

9. Upon information and belief, after Plaintiff's purported default on the subject debt, Uncle Warbucks charged off the subject debt and subsequently turned the subject debt over to Defendant for collection purposes.

10. On or about February 3, 2022, Defendant sent Plaintiff a collection letter attempting to collect upon the subject debt.

---

[1] https://midwestfidelity.com/

11. This collection letter was the first written communication Plaintiff received from Defendant in connection with the subject debt.

12. The collection letter represents that the "Total Owed" in connection with the subject debt was $1,170.00.

13. The collection letter provided an itemization of the subject debt, representing that the subject debt had a "Principle" [sic] balance of $1,170.00, $0.00 in accrued "Interest," $0.00 in "Fees," $0.00 in "Collection Fees," for the total balance of $1,170.00.

14. Defendant's collection letter did not indicate the date associated with its provided itemization.

15. Plaintiff was confused as to how this total was reached, as she does not recall owing this amount in connection with the subject debt.

16. The collection letter goes on to offer Plaintiff the ability to resolve the subject debt for a reduced balance, further stating "As of the date of this letter your balance is $1,170.00. Because of interest that may vary from day to day, the balance owing on the day you pay may be different."

17. Plaintiff became distressed and concerned that this debt, the balance of which was unfamiliar to her, could be subject to increased interest payments.

18. However, Defendant's statement regarding accruing interest, in conjunction with its itemization of accrued interest as $0.00, is inherently contradictory, deceptive, and misleading, and materially inhibited Plaintiff's ability to chart an intelligent course of conduct in response to Defendant's collection efforts.

19. If the subject debt may be accruing interest, as represented by Defendant, then presumably some of such accruing interest would have accrued prior to Defendant attempting to collect the subject debt, and thus such accrued interest should have been itemized.

20. However, Defendant's collection letter does not itemize any interest, instead suggesting it is collecting entirely principal.

21. As such, the subject debt was either accruing interest and should have had interest itemized, or wasn't accruing interest despite Defendant's suggestion that it might be.

22. So Defendant either (1) deceptively failed to clarify that it was seeking interest in addition to principal, or (2) deceptively represented the variable nature of the debt.

23. Either way, Defendant's deceptive and misleading conduct was designed to deceptively compel Plaintiff's acceptance of Defendant's settlement offer, as it either falsely stated that interest was accruing in order to compel Plaintiff to address the debt before interest continued to accrue, or through its suggestion to Plaintiff that it was collecting entirely principal as consumers are more likely to refuse to pay interest when considering whether to resolve an obligation with a debt collector.

24. The deceptive and misleading nature of Defendant's conduct was squarely addressed by the new requirements imposed on debt collectors under the updated Regulation F. *See* 12 C.F.R. 1006.34.

25. Defendant patently failed to comply with the requirements of initial communications as outlined in Regulation F, and its failure illustrates its plain violations of law.

26. Confused and concerned by the nature of Defendant's collection letter, Plaintiff spoke with her attorneys regarding her rights, resulting in the accrual of expenses and expenditure of resources.

27. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to expending time addressing and dealing with Defendant's confusing and misleading conduct, being deprived the ability to intelligently address the subject debt given Defendant's

violations of law, and a violation of her federally protected interests to be provided clear and accurate information regarding the debt serving as the basis of Defendant's collection efforts.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

30. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

31. Defendant identifies itself as a debt collectors, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and is further a business whose principal purpose is the collection of debts..

32. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it is alleged to have arisen out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of FDCPA § 1692e**

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A)

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

35. Defendant violated §§ 1692e, e(2), and e(10) through its failure to clearly and fairly communicate information about the amount of the subject debt to Plaintiff in its collection letter.

5

Although Defendant's letter is seeking to collect a total of $1,170.00, represented as being entirely principal, Defendant's collection letter similarly suggests that the subject debt is variable and thus would be comprised of some accrued interest additional to principal, rendering Defendant's suggestion that it was collecting entirely principal deceptive and misleading. The FDCPA and Regulation F is demonstrably clear about what information must be provided to consumers, including itemizations of interest, and Defendant's failure to provide the extent of required information or otherwise remove internal consistencies illustrates the deceptive and misleading nature of Defendant's conduct.

36. Alternatively, in the event the subject debt's balance was not comprised of charges additional to principal and was not variable, then Defendant violated §§ 1692e, e(2), and e(10) by falsely and deceptively suggesting that "interest" may vary day to day. If the balance represented in the collection letter did not include any such other charges or interest, it stands to reason such interest would not have been added thereafter. As such, and under this factual assumption, Defendant's statement that such interest may result in the increase of the balance of the subject debt was false, deceptive, and misleading, as such interest would not have resulted in the balance of the subject debt increasing. Defendant cannot immunize itself from liability by blindly copying and pasting certain safe harbor language for collecting on variable debts when such debts are not variable in the manner suggested by such safe harbor language.

    b.  **Violations of FDCPA § 1692g and 12 C.F.R. 1006.34**

37. The FDCPA, pursuant to 15 U.S.C. § 1692g(a), outlines various pieces of information that debt collectors must include in their initial communications with consumers. Regulation F, effective as of November 30, 2021, supplements § 1692g(a) with more explicit and detailed information that debt collectors *must* include in their initial communications in order to comply

with the FDCPA and Regulation F. *See* 12 C.F.R. § 1006.34(c). Such information includes "the itemization date", § 1006.34(c)(vi), "the amount of the debt on the itemization date", § 1006.34(vii), and "an itemization of the current amount of the debt reflecting interest, fees, payments, and credits since the itemization date." The "itemization date" required to be provided to consumers is one of 5 points in time: (1) the last statement date for a statement provided by the creditor, (2) the charge-off date, (3) the last payment date, (4) the transaction date, or (5) the judgment date. 12 C.F.R. § 1006.34(b)(3). Furthermore, Regulation F requires that the information provided in the initial communication be "clear and conspicuous" which means "readily understandable." 12 C.F.R. § 1006.34(b)(3).

38. Defendant violated § 1692g(a)(1) and 12 C.F.R. § 1006.34 through its failure to follow the relevant regulations regarding providing consumers an accurate and detailed description of the amount of a debt serving as the basis of its collection efforts. Although the collection letter provides an itemization, the only date provided in the letter is February 3, 2022. However, this date was when the collection letter was sent, and does not represent one of the 5 required dates to provide an itemization. Had Defendant been cognizant of the regulations and used one of the required dates for its itemization, it would have determined the date of the itemization, which would have then allowed it to fill in further information about the amount of interest that may have accrued prior to Defendant's sending of the collection letter. Instead, Defendant's collection letter seemingly impermissibly lumps the debt into a single balance on a completely random date, thus illustrating its failure to comply with the FDCPA and Regulation F. The internal inconsistencies in Defendant's letter further render it impermissibly unclear. Despite the clear availability of model letters designed to ensure compliance with the new regulations, Defendant's collection letter fails to consider the extent of information now-required to be provided consumers.

WHEREFORE, Plaintiff, MARJORIE J. WILLICH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

41. Defendant is a "debt collector" and "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

42. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

   a. **Violations of TDCA § 392.304**

43. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(8), prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer debt . . ." The TDCA, under Tex. Fin. Code Ann. § 392.304(19), further prohibits a debt collector from "using any other false representation or deceptive means to collect a debt . . . ."

44. Defendant violated the above referenced provisions of the TDCA in much the same way it violated § 1692e *et seq.* as outlined above.

WHEREFORE, Plaintiff, MARJORIE J. WILLICH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 28, 2022                                   Respectfully submitted,

s/ Nathan C. Volheim                                    s/Eric D. Coleman
Nathan C. Volheim, Esq. #6302103                        Eric D. Coleman, Esq. #6326734
Counsel for Plaintiff                                   Counsel for Plaintiff
Admitted in the Northern District of Texas              Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.                                Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                     2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                 Lombard, Illinois 60148
(630) 568-3056 (phone)                                  (331) 307-7648 (phone)
(630) 575-8188 (fax)                                    (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                ecoleman@sulaimanlaw.com

s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq. # 6323891
Counsel for Plaintiff
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(630) 575-8181, ext. 120 (phone)

(630) 575-8188 (fax)
alejandrof@sulaimanlaw.com